### IN THE UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

SCOTT THOMAS,

        Plaintiff,

v.                                  CIVIL ACTION NO.   3:18-1451

CHARLES T. LIPSCOMB, individually
and doing business as Red White & Kaboom, and
ANDREA LIPSCOMB, individually
and doing business as Red White & Kaboom,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Scott Thomas' Motion to Strike Defendants' Answer and Enter Judgment. ECF No. 26. In support of the motion, Plaintiff asserts Defendants Charles T. and Andrea Lipscomb, individually and doing business as Red White & Kaboom, failed to comply with discovery requests, failed to provide complete discovery, submitted conflicting discovery material, and provided misleading and contradictory testimony. Through a series of Orders by the Court, the Court permitted the parties to conduct additional discovery and submit supplemental briefing.

In its Supplemental briefing, Plaintiff maintains that Defendants' discovery responses remain inadequate and inconsistent. Therefore, the Court should grant its motion and strike Defendants' Answer and enter judgment in Plaintiff's favor. Although the Court appreciates Plaintiff's frustration and aggravation with how discovery has proceeded in this case, the Court recognizes that Defendants retained new counsel after the initial round of discovery, and counsel has worked diligently to provide Plaintiff any additional discovery he was able to obtain from his

clients. The Court understands Plaintiff believes discovery remains inadequate. However, the Court must weight the severe and drastic nature of default judgment as a sanction against a "party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977)). In weighing these competing interests, the Fourth Circuit has adopted a four-part test to determine the appropriateness of a sanction:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id*. (citing *Wilson*, 561 F.2d at 503–06). Applying these factors to this case, the Court finds that striking the Answer and entering default judgment is too harsh of a sanction. The Court believes the inadequacies Plaintiff alleges exist are best addressed at trial or in a motion for summary judgment.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Answer and Enter Judgment. ECF No. 26. The Court further recognizes that summary judgment motions are due on July 6, 2020 and trial is set for August 25, 2020. If the parties believe they need additional time in light of this Order, the parties should file a joint motion to amend the current schedule.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        July 2, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE